**Marquis Aurbach Coffing**
CRAIG R. ANDERSON, ESQ.
Nevada Bar No. 6882
BRIAN R. HARDY, ESQ.
Nevada Bar No. 10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
bhardy@maclaw.com
Attorneys for Defendants Nye County,
DeMeo, Marshall and Marotta

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT TED HOLMES,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>NYE COUNTY, a political subdivision of the State of Nevada; SHERIFF OF NYE COUNTY, TONY DEMEO; ASSISTANT SHERIFF, RICHARD MARSHALL; DISTRICT ATTORNEY INVESTIGATOR MAROTTA; OFFICER DAVID E. BORUCHOWITZ; DOES I through X, inclusive,<br><br>　　　　　　　　Defendant. | Case No.:　　2:10-CV-01794 |

### **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between counsel for Plaintiff Robert Ted Holmes, by and through his attorney of record, Cal J. Potter, III; counsel for Defendants Nye County, DeMeo, Marshall, and Marotta; counsel for Defendant Boruchowitz, and counsel for Respondent Riverside County Sheriff's Department, to enter into the following protective order regarding the exchange of documents pursuant to F.R.Civ.P. Rules 26(a) and 29. The parties hereby agree and stipulate to the following:

**Scope**

1. This Protective Order shall govern any and all documents produced or disclosed in this action by Subpoenaed Respondent, Riverside County Sheriff's Department, or any information

disclosed from those documents during a deposition, motion and/or any possible pleadings filed with this Court, in this action, by any party.

**Confidential Information**

2. "Confidential Information" means: any information contained in a document produced by the Riverside County Sheriff's Department that is stamped with "Confidential" or "Confidential – Subject to Protective Order";

3. Stamping "Confidential," "Confidential – Subject to Protective Order" on the cover of a multiple page document shall classify all pages of the document as confidential.

**Permissible Disclosure of Confidential Information**

**A. Confidential Information**

4. Subject to Paragraph 5, the involved Parties may show and deliver documents stamped with "Confidential" or "Confidential – Subject to Protective Order" to the following people:

(A) Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

(B) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(C) The Court, Special Master appointed by the Court, mediator, and any members of their staff whom it is necessary to disclose the information;

(D) Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue Confidential documents), whether formally retained or not; and

(E) Subject to Paragraphs 9 through 11, any witness during a deposition.

5. If the Parties provide Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The respective Parties shall retain all executed Certifications until the end of the instant litigation. In the event of a possible

1  violation of this protective order, during the pendency of this litigation, and upon a showing of
2  good cause, the Court may order production of the executed Certifications from the party that
3  supplied the documents subject to a possible protective order violation. Otherwise, these
4  Certifications are strictly confidential and are not subject to any discovery request during the
5  pendency of this litigation. No more than thirty (30) calendar days after the end of this litigation
6  in the instant case (as defined infra Paragraph 6), the various parties shall provide all executed
7  Certifications to the non-party Respondent, Riverside County Sheriff's Department.

8  6. The instant litigation is at an end when (i) a final judgment has been entered by the
9  Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to
10 or request for reconsideration of such a judgment or dismissal has expired; (iii) all available
11 appeals have concluded or the time for such appeals has expired; and (iv) any post appeal
12 proceedings have themselves concluded.

13 **Use of Confidential Information**

14 7. Confidential Information produced by Respondent Riverside County Sheriff's
15 Department pursuant to the Federal Subpoena/Stipulated Protective Order shall only be used for
16 preparing for and prosecuting this case pending the completion of the judicial process, including
17 appeal. No person to whom this information is disclosed shall cause or permit it to be used for
18 any other purpose.

19 8. Notwithstanding any other provisions hereof, nothing herein shall restrict any party's
20 counsel from rendering advice to its client with respect to this Action and, in the course thereof,
21 relying upon Confidential Information provided that in rendering such advice, counsel shall not
22 disclose the other party's Confidential Information other than in a manner provided for in this
23 Protective Order.

24 9. If any Confidential Information produced pursuant to the Federal Subpoena/Stipulated
25 Protective Order is used, in any depositions taken in this matter, the original transcript of the
26 deposition, and all copies thereof shall be stamped "Confidential – Subject to Protective Order".
27 If any portions of the deposition transcript and/or video or audio versions of the depositions
28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-019 1474858_1.DOC 10/31/2011 10:20 AM

1  containing Confidential Information, or references thereto, are filed with the Court, it shall be
2  done in compliance in Paragraph 17 of this Protective Order.

3        10. A copy of this Order shall be attached as an exhibit to said deposition transcripts and
4  the court reporter shall be subject to said Order and precluded from providing the original or
5  copies of the deposition transcript or portions thereof, any copies thereof, or portions thereof, to
6  any persons or entities other than counsel of record in the instant action. Furthermore, any
7  audiotape and/or videotape of said deposition shall be subject to the Protective Order. A copy of
8  the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the
9  court videographers shall be subject to the Protective Order and precluded from providing the
10 original deposition videotape or portions thereof, any copies thereof, or portions of copies
11 thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be
12 subject to the Protective Order and all persons shall be precluded from providing the original
13 deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any
14 persons or entities other than counsel of record in the instant litigation.

15       11. Additionally, anyone other than the following persons shall be precluded from
16 attending any deposition whereat any Confidential Documents or confidential information
17 therein are used: the respective parties involved in the pending litigation, any parties' counsel,
18 the court reporter, the court videographers, if any, and any of the named parties in this action.
19 Those attending any depositions using Confidential Documents shall not disclose to any person
20 or entity not otherwise entitled to the confidential information, in any manner, including orally,
21 any statements made by the deponents during the course of said depositions referencing
22 Confidential Information, and any such disclosure shall be construed as a violation of the
23 Protective Order.

24 **Protection of Confidential Information**

25       12. All counsel shall take all reasonable and necessary steps to assure the security of any
26 Confidential Information pursuant to the Federal Subpoena/Stipulated Protective Order and will
27 limit access to Confidential Information to only those persons authorized by the Protective
28 Order.

MAC:11779-019 1474858_1.DOC 10/31/2011 10:20 AM

1    13. Any party that is served with a subpoena or other request for production of
2    Confidential Information produced by the Responding Riverside County Sheriffs Department
3    must immediately give written notice of such subpoena or other notice to non-party Respondent
4    Riverside County Sheriff's Department to provide an opportunity to obtain an order barring the
5    production or other disclosure, or to otherwise respond to the subpoena or other request for
6    production or disclosure of Confidential Information.

7    Additionally, any party upon receiving such a subpoena or other request for production of
8    any Confidential Information, shall independently bear the burden of opposing the subpoena or
9    request for production after giving the required notice to the Riverside County Sheriff's
10   Department as required above.

11   In no event should any production or disclosure be made without opposing the request
12   unless required by Court order arising from a motion to compel production or disclosure of
13   Confidential Information.

14   14. No more than thirty (30) calendar days after the end of litigation (as defined infra in
15   Paragraph 6) in the instant case, all Parties, and every other person and/or entity who received
16   Confidential Information protected by this Protective Order shall (1) return such documents and
17   any copies thereof to the Riverside County Sheriff's Department (2) along with a signed
18   'Affidavit' executed under penalty of perjury that any and all Confidential document have be
19   gathered up and returned.

20   **Filing Confidential Information in Court Records**

21   15. All parties shall use the following procedure for submitting to the Court papers
22   consisting of, relating to, containing, incorporating, reflecting, describing or attaching
23   Confidential Information:

24   For all pretrial discovery and non-discovery related motions, memorandum of law,
25   certification, exhibit annexed thereto that contained Confidential Information shall be filed by
26   placing the original and judge's copy of the document in sealed separate envelops with a copy of
27   the title page attached to the front of each envelope. Conformed copies need not be placed in
28   sealed envelopes.

MAC:11779-019 1474858_1.DOC 10/31/2011 10:20 AM

1    Confidential material to be placed under seal, shall not be electronically filed but shall be
2    filed manually in the manner prescribed by the Court. A Notice of Manual Filing shall also be
3    electronically filed identifying material being manually filed.

4    16. All Confidential Information contained in documents designated as Confidential used
5    at trial and/or in all post-trial proceedings shall remain Confidential and not become public
6    unless a separate court order is obtained upon noticed motions and sufficient cause shown,
7    thereby making said document public. In that respect, nothing herein shall prejudice any parties'
8    rights to object to the introduction of any Confidential Information into evidence, on grounds,
9    including, but not limited to, relevance and privilege.

**Special Provisions**

17. The documents to be produced are identified as any and all documents, records, or reports regarding or relating to employment, retirement and/or work history of retired peace officer Robert Ted Holmes (DOB ▇▇▇▇) Riverside Sheriff's Department I.D. number ▇▇▇▇, as noted in the federal subpoena served in this matter.

18. The documents referenced in Paragraph 17 are the proper subject of an asserted privilege and this Court finds the documents produced pursuant to this stipulation to be confidential and designated as "Confidential".

19. It is further agreed that Respondent may redact personal and irrelevant confidential information related to third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but not limited to, names of family members, names, addresses and telephone numbers of possible friends, tax return information, non-police-related occupational and educational information, and similar information.

**Miscellaneous Provisions**

20. This Protective Order controls the release of any information designated as "sealed" during the deposition of Plaintiff, and any future depositions wherein items are addressed that are protected pursuant to the Protective Order.

/ / /

MAC:11779-019 1474858_1.DOC 10/31/2011 10:20 AM

21. It is expressly understood by and between the parties and Respondent Riverside County Sheriff's Department that in producing Confidential Information in this litigation pursuant to Subpoena and Protective Order, that all parties are relying upon the terms and conditions of the Protective Order.

22. Any documents or information therefrom originating out of any personnel file, as defined by California Penal Code §§ 832.5, 832.7 and 832.8, will be designated as "Confidential" and be considered protected, privileged and confidential under this Protective Order.

23. By written agreement of the parties, including non-party Responding Party Riverside County Sheriff's Department, or upon motion and Order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

**Disclosure**

24. The Responding Party Riverside County Sheriff's Department shall produce the requested documents, namely any and all documents, records, or reports regarding or relating to employment, retirement and/or work history of retired peace officer Robert Ted Holmes (DOB ▮▮▮▮▮▮) Riverside Sheriff's Department I.D. number ▮▮▮▮, with applicable redactions, if any, within two(2) weeks of receiving this fully executed Stipulation and judicially signed-off Order.

Dated: 10/27/2011                                              Dated: 10/27/11

MARQUIS AURBACH COFFING                          POTTER LAW OFFICES

By:  /s/ Brian R. Hardy, Esq.                              By:  /s/ Cal J. Potter
    Craig R. Anderson, Esq.                               Cal J. Potter, III, Esq.
    Nevada Bar No. 6882                                     Nevada Bar No. 1988
    Brian R. Hardy, Esq.                                        1125 Shadow Lane
    Nevada Bar No. 10068                                   Las Vegas, Nevada 89102
    10001 Park Run Drive                                     *Attorney for Plaintiff*
    Las Vegas, Nevada 89145
    *Attorney(s) for Defendants Nye County,*
    *DeMeo, Marshall and Marotta*

MAC:11779-019 1474858_1.DOC 10/31/2011 10:20 AM

1 | Dated: 10/27/2011                    Dated: 10/31/11

2 | THORNDAL, ARMSTRONG, DELK         FERGUSON, PRAET & SHERMAN
    BALKENBUSH & EISINGER

4 | By: /s/ Philip Goodhart, Esq.       By: /s/ Anthoney Snodgrass, Esq.
       PHILIP GOODHART, ESQ.               Steven A. Sherman, Esq.
5 |    Nevada Bar No. 5332                  California Bar No. 113621
       1100 East Bridger Avenue            Anthoney Snodgrass, Esq.
6 |    P.O. Drawer 2070                     Nevada Bar No. 8268
       Las Vegas, Nevada 89125-2070        1631 E. 18th Street
7 |    *Attorney for Defendant Boruchowitz*   Santa Ana, California 92705
                                            *Attorney for Non-Party Respondent*
                                            *Riverside County Sheriff's Department*

### COURT ORDER

It is hereby ordered.

DATED this  30  day of  NOVEMBER , 2011.

_____Robert J. Johnston_____
UNITED STATES MAGISTRATE JUDGE

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# EXHIBIT A

# EXHIBIT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, *Robert Ted Holmes v. Nye County, a Polical Sub-division of the State of Nevada; Sheriff of Nye County, Tony De Meo; Assistant Sheriff, Richard Marshall, District Attorney Investigator Marotta; Officer David E. Boruchowitz; and John Does I Through X, Inclusive*, Case No. 2:10-cv-01794-PMP-RJJ and hereby agree to comply with and be bound by the terms and conditions of the said Protective Order with respect to handling, use and disclosure of each Confidential Document.

I hereby consent to the jurisdiction of said Court for purposes of enforcing this non-disclosure Protective Order.

Dated:_____   Signature:_____